UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIM. NO. 3:13-CR-00044(MPS) |
| v. : | |
| : | |
| TYKWELL WALTON : | APRIL 13, 2015 |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Tykwell Walton submits this memorandum to advocate his position and to assist the Court in connection with the upcoming sentencing hearing. On February 26, 2014, Mr. Walton pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Sentencing is scheduled for April 24, 2015 at 10:00 a.m. For the reasons stated in this memorandum, the defense submits that a sentence of low end of the Guideline imprisonment range with an appropriate term of supervised release is reasonable and sufficient to meet the purposes of sentencing under 18 U.S.C. § 3553(a).

### A Sentence At The Low End Of The Guideline Range Is Appropriate

In the Presentence Report filed April 2, 2015, the Probation Officer made the following calculations under the Sentencing Guidelines: Total Offense Level of 27 and Criminal History Category III. This calculation produces a Guidelines Sentence Range of 87 to 108 months. Because the defendant pled guilty under 21 U.S.C. §

1

841(b)(1)(A), however, the mandatory minimum term of imprisonment is 120 months. The Probation Officer also observed that, but for the mandatory minimum sentence, if the Court were to consider a 1:1 crack cocaine to powder cocaine ratio under the Supreme Court decision in *U.S. v. Kimbrough*, the Guideline range would fall to 46 to 57 months.  PSR at ¶ 74.

The defendant has two prior convictions, one of which is a state court conviction which is part of the same course of conduct as the instant offense.  PSR at ¶¶ 29-30.  Because the instant offense was committed while the defendant was on state court supervised release, the two additional history points added under U.S.S.G. § 4A1.1(d) result in a Criminal History Category of III.  Considering that Mr. Walton effectively has only one prior conviction, his Criminal History may be slightly overstated at Category III.

The defendant's personal and family history indicated that he grew up without his father who was incarcerated for a long period of time beginning even before Mr. Walton was born.  The defendant also fell in with friends who influenced him to begin selling drugs. it is encouraging to note, however, that Mr. Walton maintains a relationship with his mother and now also has a meaningful relationship with his stepfather.  PSR at ¶ 36.

As a result of his prior state court conviction and his detention on the instant offense, Mr. Walton has spent most of the past five years in prison and he is likely to be incarcerated for several years more.  Despite the legal problems he faces, the defendant maintains a generally positive outlook and he appears willing to take on the challenge of turning his life around.  PSR at ¶¶ 49 and 55.  Defense counsel's

impression of Mr. Walton is favorable.  Even though he is facing a mandatory sentence, he does maintain a positive outlook and he is still young enough to change and live a law abiding life when he is released from prison.  Mr. Walton is respectful and attentive.in his conversations with defense counsel and many of those conversations have been about the importance of him starting over and getting on with a better life.  A sentence at the low end of the Guideline Range is more than sufficient to satisfy the purposes of sentencing and will allow Mr. Walton to take up the life challenge he faces at the earliest opportunity.

THE DEFENDANT
TYKWELL WALTON

By:     /s/ Dan E. LaBelle
Dan E. LaBelle of
HALLORAN & SAGE  LLP
Fed. Bar #ct 01984
315 Post Road West
Westport, CT  06880
(203) 227-2855
labelle@halloransage.com

## CERTIFICATION

I hereby certify that on April 13, 2015, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dan E. LaBelle
Dan E. LaBelle

3412703v.1